# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3799

_____

Daniel J. Sicard,

        Appellee,

    v.

City of Sioux City; Sioux City Civil
Service Commission,

        Appellants,

Sioux City Fire Department,

        Defendant.

Appeal from the United States
District Court for the
Northern District of Iowa.

[UNPUBLISHED]

_____

Submitted:  May 5, 2000
Filed:   May 30, 2000

_____

Before LOKEN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Daniel J. Sicard applied for a position as a firefighter in Sioux City, Iowa.  The Sioux City Fire Department denied his application.  Sicard then filed a civil action against the City, the City Civil Service Commission, and the City Fire Department. Sicard alleged that the defendants had refused to hire him solely because of his nearsightedness, in violation of the Americans with Disabilities Act of 1990 (ADA).

The parties consented to a trial before a magistrate judge pursuant to 28 U.S.C. § 636(c). The magistrate judge ruled in Sicard's favor, ordering the defendants to hire Sicard for the next available firefighter position, with seniority and pension-fund contributions awarded retroactively to the date he should have been hired. The City and the City Civil Service Commission appeal.

Following the district court's entry of judgment in this case, the United States Supreme Court decided <u>Sutton v. United Air Lines, Inc.</u>, 119 S. Ct. 2139 (1999). In <u>Sutton</u>, the Supreme Court held that a person whose impairment is corrected by medication or other measures does not have an impairment that substantially limits a major life activity. <u>See</u> <u>id.</u> at 2146-47. Hence, that person is not disabled within the meaning of the ADA. <u>See</u> <u>id.</u>

Similar to the plaintiffs in <u>Sutton</u>, Sicard's visual impairment can be corrected to a 20/20 visual acuity level through the use of corrective lenses. Accordingly, Sicard is not disabled within the meaning of the ADA. We, therefore, reverse in light of the Supreme Court's decision in <u>Sutton</u>, and we remand for entry of judgment in favor of defendants.[1] We deny as moot the defendants' motion to strike Sicard's appendix.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The defendants also argue that the award of retroactive pension contributions constitutes double recovery. Our decision regarding the ADA claim precludes the need to address the defendants' double recovery contentions.